UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 1:19-cr-00406-DCN-CWD |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| COLTON DUNE TURNER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Before the Court are Defendant's motion to seal existing documents (Dkt. 15), motion to shorten time (Dkt. 16), and motion to seal (Dkt. 17). The Court took up limited argument on the motions at the conclusion of the detention hearing on December 20, 2019. Having reviewed the entire record and considering the arguments of counsel, the Court finds as follows.

**STANDARDS OF LAW**

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting

*Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See id.* at 1178–79. In turn, the court must "conscientiously balance the competing interests" of the public and the party who seeks to keep certain judicial records secret. *Id.* After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). The party seeking to seal documents must, therefore, show "compelling reasons." *Id.* at 1179; *see also Oregonian Publishing Co. v. U.S. Dist. Court for Dist. of Oregon*, 920 F.2d 1462, 1466 (9th Cir. 1990) ("[C]riminal proceedings and documents may be closed to the public without violating the first amendment only if three substantive requirements are satisfied: (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest."). Relevant factors include the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use ...." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 659 (9th Cir. 2010) (citations omitted); *Valley Broadcasting Co. v. U.S. District Court*, 798 F.2d 1289, 1294 (9th Cir. 1996) (noting considerations that weigh against disclosure include "the likelihood of an improper use, including...infringement of fair trial rights of the defendants or third persons; and residual privacy rights") (internal quotation and citation

omitted).

"The right 'to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files have become a vehicle for improper purposes.'" *In re McClatchy Newspapers, Inc.*, 288 F.3d 369, 373-74 (2002) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). Sealing of a document may serve a higher value that overrides the public right of access. *See United States v. McVeigh*, 918 F. Supp. 1452, 1463-64 (W.D. Okla. 1996) (noting that "the interests of persons other than the accused may require protection as, for example, the protection of victims of sex crimes...."). "[T]he need to protect individual privacy rights may, in some circumstances, rise to the level of a substantial governmental interest and defeat First Amendment right of access claims." *McClatchy*, 288 F.3d at 373 (citing cases).[1]

## ANALYSIS

**1.    Motion to Seal Existing Documents (Dkt. 15)**

Defendant's motion asks the Court to seal the following documents in the record: 1) the Government's memorandum in support of pretrial detention and 2) the materials

---

[1] *Globe Newspaper v. Superior Court*, 457 U.S. 596, 607 (1982) ("the protection of minor victims of sex crimes from further trauma and embarrassment."); *Press-Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 511 (1984) (the governmental interest in protecting the privacy of jurors); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35-36 (1984) (the governmental interest in preventing abuse of the civil discovery process); *Times-Mirror Company v. United States*, 873 F.2d 1210, 1215-16 (9th Cir. 1989) (the governmental interest in not tipping off suspects by disclosure of search warrants).

submitted by the defense for consideration at the detention hearing. (Dkt. 15.)[2] Defendant also moves to shorten the time for consideration of the motion to seal existing documents pursuant to Rule 6(c)(1)(C), arguing good cause exists because "the matter is time sensitive in nature." (Dkt. 16.) The Court finds good cause exists to grant the request to shorten time given the nature of the materials filed and the important interests at stake.

### A. Government's Memorandum in Support of Pretrial Detention

Defendant argues there are compelling reasons to seal the Government's memorandum in support of pretrial detention because of the graphic nature of the matters described in the document, the publicity of this case, and the risks to Defendant's safety and constitutional rights. (Dkt. 15.)[3]

Sections of the Government's memorandum contain detailed and graphic discussions of the investigative materials and potential evidence against the Defendant. While appropriate and necessary for the Court to consider such material for purposes of the detention hearing, the facts and evidence proffered in the memorandum may not ultimately be admissible at trial. *See United States v. McVeigh*, 119 F.3d 806, 813 (10th Cir. 1997) (there is no constitutional right of access to inadmissible evidence). Placing

---

[2] Defendant's motion is made pursuant to Federal Rule of Criminal Procedure 49.1(d) which provides: The court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record. The Court's authority to seal under Rule 49.1 is subject to the limitations on sealing that are otherwise applicable, namely, the common law right of public access.

[3] The Government has filed both a redacted and unredacted copy of its memorandum in support of detention. (Dkt. 11, 12.) Both are currently filed under seal and the Court will order that those documents remain under seal.

the specific, explicit, and detailed descriptions of the potential evidence against the Defendant in the public at this early pre-trial stage of the case would make it difficult, if not impossible, to ensure the Defendant's constitutional rights are preserved. Specifically, the Defendant's rights to the presumption of innocence and a fair trial by an impartial jury. The Court, therefore, finds a compelling interest has been shown that overcomes the strong presumption in favor of access and that redaction of certain portions of the Government's memorandum is narrowly tailored to preserve that interest.

The Defendant also argues that if the material in the Government's memorandum is made public, the Defendant and his family face a heightened safety risk. While the safety of those individuals is not an inconsequential concern, the Court does not find that concern to be a compelling interest justifying sealing. (Dkt. 15.) The Defendant has been ordered detained. The Defendant's safety while in custody is, unfortunately, not unlike many other inmates of his age who are facing similar charges. Any safety concerns for the Defendant's family are not sufficiently compelling to overcome the public's right of access.

For these reasons, the Court will grant the motion, in part, and order the Government to redact the certain sections of its memorandum that discuss the potential evidence that may be presented in this matter. Specifically, the entire "Proffer of Fact" section, beginning on page 3 and concluding on page 10; the first, second, and third Paragraphs of the "Nature and Circumstances of the Offense Charged," beginning on page 12 and concluding on page 13; "The Weight of the Evidence Against the Defendant" on page 14; the final paragraph of "The Defendant's History and

Characteristics" section on page 15; and the fourth and fifth sentences in "The Nature and Seriousness of the Danger Posed by the Defendant's Release" section on page 15. (Dkt. 11.) The Government is directed to email the newly redacted version of its memorandum to the Court for its review on or before December 23, 2019. The Court will advise the Government whether any further changes are needed or if the document is ready to be filed unsealed in the record.

### B. Defendant's Materials

Defendant argues the documents the defense filed in the record for consideration at the detention hearing should also be sealed or, alternatively redacted, because the materials contain addresses and other identifying information of third-parties which creates a risk to those individuals identified in the materials.

The Court finds the Defendant has shown a compelling interest to seal the materials that overrides the public's right of access because the materials contain private addresses and identifying information of third-parties. The nature and publicity of this case poses risks to the third-parties identified in the defense materials which outweigh the public's right of access. In particular, the charges in this case are of the type that elicit strong responses from members of the public both towards the accused and those who are related or affiliated with the accused, which places those uncharged, third-parties at risk if their identities and whereabouts are made public. For these reasons, the Court will grant the Defendant's motion to seal and order the defense detention hearing materials (Dkt. 8) remain under seal.

**2.**     **Motion to Seal (Dkt. 17)**

Defendant moves the Court to seal the motion, the motion to shorten time, and any corresponding orders arguing "[g]ood cause exists to grant the motion as each motion and accompanying order relates to prejudicial information that creates safety concerns as outlined in counsel's Motion to Seal Existing Documents." (Dkt. 17.)

The Court denies the request to seal the motions and this order ruling on the motions. Neither the motions nor this order discusses or reveals any material necessitating being sealed as they each refer only generally to the details of the case and matters which are already public. Therefore, there are no compelling reasons for sealing the motions or the Court's order that outweigh the public's right to access.

**ORDER**

THEREFORE IT IS HEREBY ORDERED as follows:

1.     Defendant's Motion to Seal Existing Documents (Dkt. 15) is **GRANTED IN PART AND DENIED IN PART**. The Government is **DIRECTED** to email its newly redacted memorandum in support of pretrial detention to the Court's Law Clerk, Lauri Thompson, at Lauri_Thompson@id.uscourts.gov, on or before **December 23, 2019** as stated herein. The Government's previously filed memorandums in support of pretrial detention (Dkt. 11, 12) shall **REMAIN UNDER SEAL**. The Defendant's materials submitted for consideration at the detention hearing (Dkt. 8) shall **REMAIN UNDER SEAL**.

2.     Defendant's Motion to Shorten Time (Dkt. 16) is **GRANTED**.

3. Defendant's Motion to Seal (Dkt. 17) is **DENIED**.

4. The Clerk of the Court is directed to **UNSEAL** Docket Numbers 15, 16, and 17 and to file this Order **UNSEALED** and serve the same upon all counsel in the normal course.

DATED: December 20, 2019

Honorable Candy W. Dale
United States Magistrate Judge