# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

UNITED STATES OF AMERICA,
           Plaintiff,

vs.

Colton Dune Turner
           Defendant.

Case No. CR19-406-S-DCN

**DETENTION ORDER**

    Pursuant to Section 3142(f) of the Bail Reform Act of 1984, this Court has conducted a detention hearing and enters the following conclusion of law and findings of fact:[1]

Following the arrest of the above named defendant in the District of Idaho,
The Court finds that no condition or combination of conditions will reasonably assure:

- (✓) the appearance of the Defendant as required, and/or
- (✓) the safety of any other person or the community.

In support of the Court's finding, the Court has taken into consideration the following factors:

- (✓) the nature and circumstances of the offense charged, including whether it is a crime of violence or involves a narcotic drug;
- (✓) the weight of the evidence against the Defendant;
- (✓) the history and characteristics of the Defendant, including family background, employment, past criminal history of the Defendant, record of prior court appearances, and whether he was on release or parole when the offense was committed; or
- (✓) the nature and seriousness of the danger to any person or the community if he/she were released.

A. (✓) The court concludes that he/she represents a risk to the safety of other persons or the community.
    (✓) As stated by the Court on the record.

B. ( N/A ) The Court concludes that a serious risk exists that the Defendant will flee.
    ( N/A ) As stated by the Court on the record.

---

[1] No judicial officer may order pretrial confinement without a hearing. The hearing must be held immediately upon the Defendant's first appearance before the judicial officer, unless the Defendant moves for a continuance which cannot exceed five (5) days or the government moves for a continuance which cannot exceed three (3) days. The Defendant has a right to be represented by counsel at the hearing. Formal rules of evidence do not apply to the proceeding. All findings of fact made in support of detention must be established by clear and convincing evidence.

DETENTION ORDER-1

C. ( ) The defendant appears on a Petition for Revocation or Modification of Probation or Supervised Release.
    ( ) The Court concludes the defense has not met its burden under Crim.R 32.1(a)(6).
    ( ) As stated by the Court on the record.

D. ( ) The Court concludes that a serious risk exists that the Defendant will:
    ( ) obstruct or attempt to obstruct justice,
    ( ) threaten, injure, or intimidate a prospective juror or witness, or
    ( ) attempt to threaten, injure, or intimidate a prospective witness or juror.
    ( ) As stated by the Court on the record.

E. (✓) In support of the above findings, the Court finds that a presumption described in 18 U.S.C. § 3142(e) exists that no condition or combination of conditions will reasonably assure the appearance of the person as required and/or the safety of the community and the presumption has not been rebutted by sufficient evidence to the contrary.
    ( ) the Defendant is charged with a crime of violence, an offense with a maximum penalty of life imprisonment or death, a ten (10) year drug felony; AND the Defendant has previously been convicted of a crime of violence, an offense with a maximum penalty of life imprisonment or death, a ten (10) year drug felony, AND that the prior offense was committed while the Defendant was on pretrial release AND not more than five (5) years have elapsed since the conviction or his release, whichever is later.
    [OR]
    (✓) there is probable cause to believe the Defendant committed an offense for which a maximum term of imprisonment of ten (10) years or more is prescribed in the Controlled Substance Act (21 U.S.C. § 801, et seq.), the Controlled Substance Import and Export Act (21 U.S.C. § 951, et seq.), Section 1 of the Act of September 15, 1980, (21 U.S.C. § 955(a)), or an offense under Section 924(c) of Title 18, United States Code, using a firearm in the commission of a federal felony. *18 USC § 3142(e)(3)(E).*

IT IS THEREFORE ORDERED that the Defendant be detained prior to trial or revocation without prejudice;

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

IT IS FURTHER ORDERED that the Defendant be afforded reasonable opportunity for private consultation with his counsel; and

IT IS FURTHER ORDERED that the director of the correctional facility in which the Defendant is confined shall make the Defendant available to the United States Marshal for the purpose of appearance in connection with a court proceeding.

DATED this 20th day of Dec, 2019

_____
CANDY WAGAHOFF DALE
United States Magistrate Judge