BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
JUSTIN D. WHATCOTT, IDAHO STATE BAR NO. 6444
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) <br> ) Case No. 1:19-CR-00406-DCN <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) GOVERNMENT'S MEMORANDUM IN <br> ) SUPPORT OF PRETRIAL DETENTION <br> ) |
| COLTON DUNE TURNER, | ) <br> ) *Redacted Pursuant to 18 U.S.C. § 3509(d)(2)* |
| Defendant. | ) <br> ) <br> ) |

The United States of America, by and through Bart M. Davis, United States Attorney, and the undersigned Assistant United States Attorney for the District of Idaho, submits this memorandum in support of its Motion for Detention, filed on December 16, 2019 (ECF 4).  This Court should order the defendant detained, as he represents a danger to the safety of children in the community.

INTRODUCTION

Investigators with the Canyon County Prosecuting Attorney's (CCPA) Office arrested the defendant on November 13, 2019 in Middleton, Idaho.  The State of Idaho charged the defendant

GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 1

with ten counts of possession of child sexually exploitative material in violation of Idaho Code § 18-1507(2)(a). The state court ordered the defendant held on a $1,000,000 bond. He remained in state custody until his appearance in U.S. District Court.

On December 11, 2019 the Grand Jury returned an Indictment charging the defendant with one count of Sexual Exploitation of Children in violation of 18 U.S.C. § 2251(a), one count of Transportation of Child Pornography in violation of 18 U.S.C. § 2252A(a)(1), three counts of Distribution of Child Pornography in violation of 18 U.S.C. § 2252(a)(2)(A), and two counts of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (ECF 1). The state charges were dismissed once the Grand Jury returned its Indictment. The government filed a motion for detention (ECF 4), the defendant appeared for arraignment on December 17, 2019, and a detention hearing is scheduled for December 20, 2019.

The government submits the defendant should remain detained pending trial. Counts one, two, three, four, and five of the Indictment involve a minor victim under sections specified in 18 U.S.C. § 3142(e)(3)(E). As such, the Bail Reform Act presumes that there are no conditions or combination of conditions that will ensure the safety of the community. All seven offenses charged in the Indictment are considered crimes of violence under the Bail Reform Act. *See* 18 U.S.C. § 3156(a)(4)(c).

The nature and circumstances of the defendant's offenses, the weight of the evidence against the defendant, the defendant's character, and the nature and seriousness of the danger posed by the defendant's release all weigh in favor of an order of detention. The facts underlying the defendant's charged offenses establish by clear and convincing evidence that no conditions of release can reasonably assure the safety of the community from the danger the defendant poses to children.

GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 2

<u>FILING UNDER SEAL PURSUANT TO 18 U.S.C. § 3509(d)(3)</u>

The proffer and argument below contains information about an identified minor victim. While the victim's name is not disclosed herein, the facts and circumstances detailed below contain information concerning the minor victim, which could be used to identify the minor victim. Pursuant to 18 U.S.C. § 3509(d)(2)(A), the government will file this memorandum under seal via the District's Electronic Case Filing (ECF) system. Pursuant to 18 U.S.C. § 3509(d)(2)(B), the government will redact the portions of this memorandum that disclose information concerning the minor victim, and file the redacted version in the public record via ECF.

PROFFER OF FACT[1]

[1] [redacted]

GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 3

[Content redacted]



GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 5

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████

    ███████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████

    ███████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████████████

████████████████

████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████

[Page content redacted]

---

[7] [redacted]

GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 7

███████████████████████████████████████████ ████████████
████████████████████████████████████████
███████

████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████

   █████████████████████████████████████████████████████████

███████████████████████████████

   ██████████████████████████████████

   ██████████████████████████████████████████████████████████

     ████████████████████████████████████████████████████████

   ████████████████████████████████████████

   ██████████████████████████████████████

   ███████████████████████████████████████

   █████████████████████████████████████████

   █████████████████████████████████████████████████████████

     ██████████████████████████████████████████████████████

     ██████████████████████████████████████████████████████

---

███████████████████████████

██████████████████████████████████████████████████████████████████
███████████████████████████████████████

GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 8

████████████████████████████████████████████
████████████
████████████
█████████████████████
█████████████████████████████
███████████████████████████████████
████████████████████████████████████
████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██
███████████████████████████
█████████████████████████████

████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
███████████████████████████████████
██████████████████████████████████
██████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
███████████



## ARGUMENT

The Bail Reform Act provides that a judicial officer shall detain a defendant pending trial where "no conditions or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Detention is appropriate where a defendant poses either a danger to the community or a risk of non-appearance and it is not necessary to prove both. *See United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). The Government must establish by clear and convincing evidence that the defendant presents a danger to the community and by a preponderance of the evidence that the defendant is a risk of non-appearance. *Id.*

In determining whether pretrial detention is appropriate, Section 3142(g) provides four factors for the Court to consider: (1) the nature and circumstances of the offense charged,

including whether the offense charged is a crime of violence; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger posed by the defendant's release. *See United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990); 18 U.S.C. § 3142(g).

Where, as here, there is probable cause to believe that the defendant has committed an offense involving a minor victim under Title 18, United States Code, Sections 2251 and 2252A, the court shall presume, subject to rebuttal, that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(E). However, even if rebutted, the presumption "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) *quoting United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir.1986).

At the detention hearing, the Court may properly rely upon a proffer by counsel in determining a defendant's danger to the community or risk of flight. *See United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986) ("[T]he government may proceed in a detention hearing by proffer or hearsay."). The Government may proceed in a detention hearing by proffer or hearsay, as a defendant has no right to cross-examine adverse witnesses who have not been called to testify. *See United States v. Winsor*, 785 F.2d 756 (9th Cir. 1986). A magistrate may "rely upon investigatory descriptions of evidence (and similar hearsay) where the judicial officer reasonably concludes that those descriptions, reports, and similar evidence, in the particular circumstances of the hearing, are reliable." *See United States v. Acevedo-Ramos*, 755 F.2d 203, 207 (9th Cir. 1985). "Bail hearings are typically informal affairs, not substitutes for trial or even

GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 11

for discovery.  Often the opposing parties simply describe to the judicial officer the nature of their evidence; they do not actually produce it." *Id.* at 206.

> Further, the Magistrate or judge possesses adequate power to reconcile the competing demands of speed and of reliability, by selectively insisting upon the production of the underlying evidence or evidentiary sources where their accuracy is in question.  Through sensible exercise of this power of selection, the judicial officer can make meaningful defendant's right to cross-examine without unnecessarily transforming the bail hearing into a full-fledged trial or defendant's discovery expedition.

*Id.* at 207-208.

    I.    <u>The Nature and Circumstances of the Offenses Charged</u>.

[redacted]

GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 12

███████████████████████████████████████████████████████

████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

████████████████████████████████

██████████████████████████████

████████████████████

Finally, the serious nature of the offenses is reflected in the penalties Congress specified for the defendant's conduct. Count one carries a mandatory minimum sentence of 15 years, and the total maximum sentence that could be imposed for the seven counts is 150 years. Even without any criminal history, the defendant's guideline range is likely to be 292 to 365 months. "Hands-on" producers of child pornography in this District have historically received significant sentences of imprisonment. *See, e.g., United States v Wilkinson*, 1:14-cr-00168-BLW (130 year sentence after conviction at trial); *United States v. Goodwin,* 4:17-cr-00296-DCN (100 year sentence after conviction at trial); *United States v. Morales*, 1:16-cr-00229-BLW (25 year sentence after guilty plea); *United States v. Harris,* 4:18-cr-00103-BLW (25 year sentence after guilty plea).

The nature and seriousness of the offense gives rise to the rebuttable presumption that detention is appropriate. The Government submits that this factor should carry the most weight in the Court's determination of whether the defendant poses a risk of danger to the community.

---

10 ████████████████████████████

The facts supporting the offenses charged establish that the defendant poses a danger to the community, and to children specifically. The defendant cannot present evidence to rebut the presumption created by the nature of his offenses. On this basis alone, the defendant should be detained pending trial.

    II.    <u>The Weight of the Evidence Against the Defendant.</u>

███████████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████

    III.    <u>The Defendant's History and Characteristics</u>.

The Bail Reform Act directs the Court to consider "the person's character." 18 U.S.C. § 3142(g)(3)(A). John Wooden once stated "[t]he true test of a man's character is what he does when no one is watching." The defendant's character is reflected by his actions when no one was watching –in ███████ in Oregon, online in posts and communications in MeWe, and on his phone. This reflection of character weighs heavily in favor of detention in this case.

The government has no reason to dispute that the defendant comes from a good family, that he has the support of friends, and that he performed well in school. Undoubtedly, his

GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 14

parents, friends, and schoolmates knew nothing of the activity that led to the Indictment in this case. Likewise, the pretrial services officer – who is prohibited from considering the nature and seriousness of the offense in her report and recommendation – has no knowledge of the facts of this case. Deprived of this knowledge, their requests and recommendations should carry little weight.

██████████████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████

    IV.    <u>The Nature and Seriousness of the Danger Posed by the Defendant's Release</u>.

The nature of the danger to children that would be posed by the defendant's release is actual physical harm to a child. This risk of danger to children cannot be prevented by an order of this Court. The only way to completely eliminate the risk of danger that the defendant poses is by detaining him pending trial. ████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████ Anything less than completely eliminating the danger of actual harm to another child should not be considered by the Court.

GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 15

Neither pretrial services, nor the defendant's parents, can eliminate the risk of danger posed by the defendant. The proposed release plan – placement at his parents' residence – puts the defendant back into the very environment in which he committed these crimes. The government is not suggesting that the defendant's parents are in any way at fault for, or that they had any reason to suspect, the defendant's actions in this case. But, supervision by his parents, or by pretrial services, cannot ensure that the defendant will not act on his desire to harm a child. Even assuming an order of home detention is entered, neither the order nor the location monitoring would physically prevent the defendant from leaving the residence to act upon his desires. In that event, a child could be harmed before he was caught violating the order. This risk is too great, and the consequences too severe, for the Court to consider.

Child sex offenders are much more likely to reoffend than other offenders. The defendant's risk of recidivism is underscored by the findings of Congress, the courts, and researchers:

> Congress has repeatedly reiterated that recidivism rates are particularly high for child sex offenders. *See* Blaisdell, Krista, Note, Protecting the Playgrounds of the Twenty-First Century: Analyzing Computer and Internet Restrictions for Internet Sex Offenders, 43 Val. U. L. Rev. 1155, 1192, n. 150 (2009) (compiling Congressional statements regarding the high risk of recidivism among child sex offenders). Similarly, the Eleventh Circuit has noted that "child sex offenders have appalling rates of recidivism and their crimes are under-reported." *United States v. Pugh*, 515 F.3d 1179, 1201 (11th Cir. 2008). In addition, one study of sex offenders found an overall recidivism rate of 31.7%. Kingston, Drew, et al., Pornography Use and Sexual Aggression: The Impact of Frequency and Type of Pornography Use on Recidivism Among Sexual Offenders, Aggressive Behavior, Volume 34 (2008)[]. The predicted odds of recidivism increased by 177% among the offenders that viewed deviant pornography, such as child pornography. Moreover, the predicted odds of violent recidivism, including sexually violent recidivism, increased by 185% for this group. The predicted odds of any type of sexual recidivism increased by 233% for the group that admitted to viewing deviant pornography. This increased risk of recidivism among sexually deviant offenders has also been found in earlier studies, including a meta-study from

1996. *See* Hanson, R. Karl, and Monique Bussiere, Predictors of Sexual Recidivism: A Meta-Analysis[].

*United States v. Cunningham*, 680 F.Supp.2d 844, 855 (N.D. Ohio, 2010) (Internet citations omitted).

Finally, the nature and seriousness of the danger posed is not limited to children the defendant could potentially physically harm in person. It extends to children whose abuse is depicted in images of child pornography. The possession and distribution of those images re-victimizes the children. The defendant's actions show a willingness to re-victimize these children for his own sexual gratification.

While this Court could order that the defendant have no access to the internet, and the U.S. Probation Office could attempt to enforce that condition, the reality is that the pretrial services officer cannot ensure that the defendant will not target another child, either in person or online. The ubiquity of the internet, the ease with which the internet can be accessed by numerous electronic devices, and the inherent inability of pretrial services to be looking over the defendant's shoulder at all times, renders enforcement of such a condition an impossibility.

Put simply, the defendant should not be allowed the opportunity to target another child for sexual abuse, exploitation, or harm. No combination of conditions of release will eliminate the risk of danger to children in the community. The nature and seriousness of the danger posed by his release is too significant to merit consideration. As such, he should be detained.

## CONCLUSION

For the reasons stated herein, the defendant is a danger to the community, and no condition or combination of conditions will reasonably assure the safety of the community.

GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 17

Accordingly, the government respectfully requests that the Court order the defendant detained pending trial.

Dated this 31st day of December, 2019.

                        BART M. DAVIS
                        UNITED STATES ATTORNEY
                        By:

                        */s/ Justin D. Whatcott*
                        JUSTIN D. WHATCOTT
                        Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 31, 2019, the foregoing **GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION** was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by:

| | |
|---|---|
| Debra Groberg<br>Nevin, Benjamin, McKay and Bartlett, LLP<br>303 West Bannock Street<br>Boise, ID 83702<br>dgroberg@nbmlaw.com | ☐ United States Mail, postage prepaid<br>☐ fax<br>☒ ECF filing<br>☐ email |

                        */s/ Mackenzie McKague-Dunlap*
                        Legal Assistant

GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 18