UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>COLTON DUNE TURNER,<br><br>Defendant. | Case No. 1:19-CR-00406-DCN<br><br>**ORDER GOVERNING PROCEDURES FOR A FORENSIC REVIEW OF MATERIAL CONTAINING CHILD PORNOGRAPHY CONTRABAND** |

The United States of America, by and through Bart M. Davis, United States Attorney, and the undersigned Assistant United States Attorney for the District of Idaho, and the Defendant, Colton Dune Turner, by and through his counsel, Debra Groberg, filed a stipulation for an order establishing procedures for an independent forensic review of child pornography contraband pursuant to 18 U.S.C. § 3509(m). Based on the stipulation, and good cause appearing, the Court orders the following:

1. Pursuant to 18 U.S.C. § 3509(m), courts are required to deny defense requests to copy, photograph, duplicate, or otherwise reproduce material constituting child pornography if the government makes the material reasonably available to the defendant and provides ample opportunity for the defense to examine it at a government facility. 18 U.S.C. § 3509(m).

2. For purposes of this stipulation and order, the term "defense team" refers solely to defendant's counsel of record, Scott McKay and Debra Groberg ("defense counsel"), and Defendant's designated forensic examiner Arthur Hively ("defense forensic examiner"). Defendant and defense counsel represent that the defense team agrees to be bound by the terms and conditions of this stipulation and order.

3. In order to comply with 18 U.S.C. § 3509(m), and to allow the defendant the greatest opportunity to prepare an effective defense in preparation for trial in this matter, the government will make the following item available for review by the defense forensic examiner at the FBI CART Laboratory in Sacramento, California:

> 1. The cellular extraction from the Apple iPhone 8 cellular phone, model A1863, IMEI number 35 488909 059667 5, serial number F4GWJE0NJC6C.

4. The parties agree that the following conditions, if ordered by the Court, should serve the government's interest in protecting against further dissemination of said contraband that would be harmful to the victims, while permitting defense counsel an opportunity to prepare an effective defense for trial. Accordingly, the parties jointly request that the Court order as follows:

   a. The defense forensic examination of the cellphone extraction will be conducted at the FBI CART Laboratory in Sacramento, California during regular business hours Monday through Friday from 8:00 a.m. to 5:00 p.m. (PST).

   b. A private room will be provided for the defense examination and no government agent will be permitted inside the room during the examination. Adequate space will be made for one forensic examiner and one defense attorney and up to two computers and monitors, a landline telephone, and available power outlets for other peripheral devices that may be required. FBI will supply computers, software, or any other equipment for the defense review, if needed.

c. FBI operates on a secure, encrypted network that does not extend beyond the FBI office. No internet connection can be provided.

d. The defense team will check in and out each day at the reception desk and must be escorted whenever outside the area designated for the examination.

e. If the defense forensic examiner requires more than one day to complete the defense review, the defense forensic examiner may leave his equipment in the secured room where the review is taking place. FBI personnel will ensure that the space is locked and secured.

f. The defense forensic examiner will be provided with contact information for FBI personnel. Should the examiner need to leave the Office for meals or whatever reason, he will be able to contact FBI personal who will provide access back into the Office area.

g. The cellphone extraction will be provided to the defense forensic examiner on an external USB hard drive belonging to the FBI. Once the defense forensic examiner advises the FBI that the defense review has been completed, the cellphone extraction will immediately be wiped from the external hard drive and the device re-sanitized. The defense forensic examiner will not save any work product on the storage device belonging to the FBI.

h. The defense forensic examiner will have no access to any FBI work product including the forensic case related to the defendant.

i. FBI personnel cannot answer questions relating to the case under review other than those necessary to allow the defense forensic examiner access to the evidence.

j. Pursuant to the Adam Walsh Act, absolutely no contraband images or videos may be copied or removed in any way from the FBI Office. This includes images exported, copied or reported out via forensic software report generators.

k. With the exception of materials that would be considered child pornography under the Walsh Act, the defense forensic examiner may download files or portions of files as long as the forensic integrity of the external hard drive is not altered. He may take off-site that electronic or electronically derived information necessary for his examination or report. The defense forensic examiner will certify in writing that he has kept no materials which would be

considered child pornography under federal law and that he has not caused any child pornography to be sent offsite.

5.  The above-described procedures relates solely to the facts and circumstances of the above-referenced case. An order by the Court in this matter does not constitute a waiver by the government regarding procedures, generally, for conducting forensic review of child pornography contraband.

IT IS SO ORDERED.

DATED: May 26, 2020

_____
David C. Nye
Chief U.S. District Court Judge