# UNITED STATES DISTRICT COURT

District of Idaho

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>COLTON DUNE TURNER | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 0976 1:19CR00406-001<br><br>USM Number: 20202-023<br><br>Debra Groberg<br>Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to counts 4 and 7

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18§2252A(a)(2)(A) | Distribution of Child Pornography | 08/18/2019 | 4 |
| 18§2252A(a)(5)(B) | Possession of Child Pornography | 11/13/2019 | 7 |

The defendant is sentenced as provided in pages 2 through __9__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) 1, 2, 3, 5, and 6    ☐ is    ☒ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 7, 2021
Date of Imposition of Judgment

_(signature)_
Signature of Judge

David C. Nye, Chief United States District Judge
Name and Title of Judge

September 8, 2021
Date

DEFENDANT: Colton Dune Turner
CASE NUMBER: 0976 1:19CR00406-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 144 months on Count 4, and 144 months on Count 7, both Counts are to run concurrent to one another, for a total term of 144 months.

☒ The court makes the following recommendations to the Bureau of Prisons:

The defendant will be credited with all time served in federal custody and will be placed in a facility in Englewood, Colorado.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Colton Dune Turner
CASE NUMBER: 0976 1:19CR00406-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :   25 years on Count 4 and 25 years on Count 7.

The terms of supervised release on each count are to run concurrently with one another.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on supervision and to a maximum of 10 periodic drug tests a month thereafter for the term of supervision as directed by the probation officer. The cost to be paid by both the defendant and the government based upon the defendant's ability to pay.
    - ☐ The above drug testing condition is suspended, based on the courts determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
4. ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
5. ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*
6. ☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*
7. ☒ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(Check, if applicable.)*
8. ☒ You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. ☐ If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10. ☒ You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: Colton Dune Turner
CASE NUMBER: 0976 1:19CR00406-001

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

Upon a finding of a violation of supervision or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

A U.S. probation officer has instructed me on the conditions specified by the Court. I fully understand the conditions and have been provided with a written copy of this judgment containing these conditions.


Defendant's Signature _____  Date _____

U.S. Probation Officer/Witness _____  Date _____

DEFENDANT: Colton Dune Turner
CASE NUMBER: 0976 1:19CR00406-001

# ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall pay any special assessment or other financial obligation that is imposed by this judgment in accordance with the Schedule of Payments as ordered by the Court.

The defendant shall submit his person, property, house, residence, vehicle, papers, computers (as defined in 18 § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. The defendant shall warn any other occupants the premises may be subject to searches pursuant to this condition.

The defendant shall participate in a program of testing and treatment for drug and alcohol abuse, as directed by the probation officer. The cost to be paid by both the defendant and the government based upon the defendant's ability to pay.

The defendant shall abstain from the use of alcohol and shall not be present in any location where alcohol is the primary item of sale.

The defendant may not possess or use a computer (as defined in 18 § 1030(e)(1)) without prior permission from the probation officer.

The defendant shall comply with the requirements of the United States Probation Computer Monitoring Program as directed. The defendant shall consent to the United States Probation Office conducting ongoing monitoring of his computer(s), hardware, software, and other electronic devices/media. The monitoring may include the installation, at the defendant's expense, of hardware or software systems that allows evaluation of his computer use. Monitoring may also include the retrieval and copying of all data from his computer or other electronic devices/media. Monitoring may occur at any time with or without reasonable suspicion of violations of supervised release or probation.

The defendant will participate, at the direction of his probation officer, in an evaluation for sexual deviancy by a qualified mental health professional who is experienced in treating and managing sexual offenders. The defendant agrees to waive any right to confidentiality and allow the treatment provider to supply a written report to the United States Probation Office.

The defendant will successfully complete any course of treatment related to his offense, as directed by the probation officer, including but not limited to cognitive/behavioral treatment for sexual deviancy under the direction of a qualified mental health professional who is experienced in treating and managing sexual offenders. The defendant shall follow the rules of the treatment program as if they are the orders of the Court. The cost to be paid by both the defendant and the government based upon the defendant's ability to pay.

The defendant will participate in polygraph testing at the direction of the probation officer and/or treatment staff to monitor compliance with treatment conditions and supervised release conditions specific to the supervision of a sex offender. The cost to be paid by both the defendant and the government based upon the defendant's ability to pay.

The defendant shall not knowingly have unsupervised contact with children under the age of eighteen without the written approval of his probation officer, and only in the company of an adult approved by the probation officer and treatment provider who is trained to serve as a chaperone for sexual offenders.

The defendant will not reside or loiter within 500 feet of schoolyards, parks, playgrounds, arcades, or other places primarily used by children under the age of eighteen.

The defendant may not engage in any paid occupation, vocation, volunteer service or calling that exposes him either directly or indirectly to minors unless approved in advance by his probation officer.

DEFENDANT: Colton Dune Turner
CASE NUMBER: 0976 1:19CR00406-001

# ADDITIONAL SUPERVISED RELEASE TERMS

The defendant will not possess any obscenity, or sexually explicit or nudist visual material involving minors, or persons who appear to be minors, nor shall he knowingly patronize any place where such material or entertainment is available.

The defendant shall not possess any written text material describing sex with minors, except that which may be necessary to complete sex offender treatment (e.g., treatment journals, sexual autobiography), and to prepare collateral challenges to aspects of the defendant's case and/or sentence (e.g., presentence report, statutes, case law.

Special Conditions of supervised release shall supersede any standard condition that is inconsistent with the special conditions.

DEFENDANT:          Colton Dune Turner
CASE NUMBER:    0976 1:19CR00406-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** | **AVAA Assessment** | **JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $200 | Waived | $57,000 | Waived | Waived |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| | **Name of Payee** | **Total Loss** | **Restitution Ordered** |
|---|---|---|---|
| "April" AprilBlonde Series, | 2655 Villa Creek, Suite 222, Dallas, Texas 75234 | $3,000 | $3,000 |
| "Jenny" Jenny Series, | P.O. Box 4668 #65135 New York, NY 10163 | $3,000 | $3,000 |
| "John Doe I" 8 Kids Series, | 215 Tacoma Ave South, Tacoma, WA 98402 | $3,000 | $3,000 |
| "John Doe II" 8 Kids Series, | 215 Tacoma Ave South, Tacoma, WA 98402 | $3,000 | $3,000 |
| "John Doe III" 8 Kids Series , | 215 Tacoma Ave South, Tacoma, WA 98402 | $3,000 | $3,000 |
| "John Doe IV" 8 Kids Series, | 215 Tacoma Ave South, Tacoma, WA 98402 | $3,000 | $3,000 |
| "John Doe V" 8 Kids Series, | 215 Tacoma Ave South, Tacoma, WA 98402 | $3,000 | $3,000 |
| "Tori" PinkheartSisters Series, | P.O. Box 4668 #65135 New York, NY 10163 | $3,000 | $3,000 |
| "Jen" JBN Series, | 2655 Villa Creek, Suite 222, Dallas, Texas 75234 | $3,000 | $3,000 |
| "Sierra" Jan_Socks1 Series, | P.O. Box 17718, Seattle, WA 98127 | $3,000 | $3,000 |
| "Skylar" Jan_Socks3 Series, | P.O. Box 17718, Seattle, WA 98127 | $3,000 | $3,000 |
| "Sarah" Marineland1 Series, | P.O. Box 17718, Seattle, WA 98127 | $3,000 | $3,000 |
| "Lily" Vicky Series, | P.O. Box 17718, Seattle, WA 98127 | $3,000 | $3,000 |
| "Chelsea" 2crazygurls Series, | 2655 Villa Creek, Suite 222, Dallas, Texas 75234 | $3,000 | $3,000 |
| "Pia" SweetWhiteSugar Series, | 2012 164th Avenue NE, Bellevue, WA 98008 | $3,000 | $3,000 |
| "Jane" CinderBlockBlue Series, | P.O. Box 4668 #65135 New York, NY 10163 | $3,000 | $3,000 |
| "Maureen" Lighthouse1 Series, | 2012 164th Avenue NE, Bellevue, WA 98008 | $3,000 | $3,000 |
| "Violet" At School Series, | P.O. Box 17718, Seattle, WA 98127 | $3,000 | $3,000 |
| "Tara" Tara Series | | $3,000 | $3,000 |
| **TOTALS** | | $57,000 | $57,000 |

☐ Restitution amount ordered pursuant to plea agreement    $_____

AO 245B (Rev. 11/16) Judgment in a Criminal Case
    Sheet 5- Criminal Monetary Penalties

Judgment—Page    Page **8** of **9**

DEFENDANT: Colton Dune Turner
CASE NUMBER: 0976 1:19CR00406-001

☐     Restitution amount ordered pursuant to plea agreement     $ _____

☐     The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒     The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☒  the interest requirement is waived for the     ☐ fine     ☒ restitution.

    ☐  the interest requirement for the     ☐ fine     ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Colton Dune Turner
CASE NUMBER: 0976 1:19CR00406-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due
  ☐ not later than _____ , or
  ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

While in custody, the defendant shall submit nominal payments of not less than $25 per quarter pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

During the term of supervised release, the defendant shall submit nominal monthly payments of 10% of gross income, but not less than $25 per month, unless further modified by the Court. The defendant shall pay any special assessment or financial obligation owing to the Clerk of the Court, 550 West Fort Street, Boise, Idaho 83724.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Pursuant to the plea agreement and as ordered by the Court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA Assessment (8) penalties, and (9) costs, including cost of prosecution and court costs.